## Absalom Dollarhide, plaintiff in error, *vs.* The United States, defendant in error.

*Error to Louisa.*

If in an indictment, it be charged that an assault was committed with an "*axe*" the inference is, that it was a "*deadly weapon.*"

The defendant was indicted in the Louisa District Court, at the Nov. term 1840, for committing an assault upon one Jasper Koons " with a certain axe which he, the said Absalom Dollarhide, then and there in his hands had and held, without any considerable provocation, to and at the said Jasper Koons, then and there wilfully, maliciously and un-lawfully, did throw and hurl with intent to inflict upon him the said Jasper Koons, a bodily injury, against the form of the statute. " &c.

The defendant was tried at the June term, 1841, and a verdict of guilty rendered. The defendant, by S. Whicher, his attorney, moved in arrest of judgment.

1. Because the assault was not charged to have been made with a deadly weapon, or deadly instrument.

2. Because the language of the charge in said indict-ment is not the language of the statute, defining and punishing the offence, &c.

The motion was overruled and the defendant sentenced to one hour's imprisonment, and to pay a fine of fifty dollars and costs.

Whicher, for plaintiff in error:

1. There are certain terms usually inserted in an indictment which mark out the offence, that are absolutely necessary to determine the judgment.

30

2. The non-insertion of such terms will vitiate the indictment.

3. All indictments upon penal statutes must state all the circumstances which make up the offence under the act.

4. No words, except those of the statute, however importing the statutable offence, will be sufficient to sustain an indictment.

5. It is in general necessary for an indictment to set out a statutable offence in the precise language of the act.

Authorities cited, 1 Chit. Crim. Law 242—1 East. P. C. 115—Bac. Ab., Indictment, C. 1, p. 311—1 Ch. C. L. 280—Fost. C. L. 305—1 Ch. C. L. 282—1 Hale 525—1 East. C. L. 419, &c.

PER CURIAM, MASON, CHIEF JUSTICE.—The plaintiff in error, was indicted in the court below under the statute for punishing an assault with a deadly instrument with the intent to inflict a bodily injury. The indictment charged him with assaulting one Jasper Koons with an axe; and that he threw and hurled the said axe at the said Koons with intent to inflict a bodily injury, &c., following the language of the statute sufficiently in every particular, except the omission to aver that the axe was a deadly instrument. The defendant was found guilty, and a motion was made in arrest of judgment in consequence of this omission. This was overruled, for which reason the cause was brought here on writ of error.

In order to render the defendant punishable under the statute, the assault must certainly have been made with a *deadly weapon*. As a general rule, that fact should be distinctly avered. Such at all events is the safer and better course. But there are some weapons and instruments which we think the court, from its knowledge of the English language, may judicially know to be of a deadly character, without a distinct averment to that effect. If the allegation had been that the assault had been made with a drawn sword, or with a gun loaded with powder and ball, would it be necessary to aver that these were deadly weapons? We think not.

An axe when hurled by one man at another is scarely less a deadly weapon than a drawn sword or loaded gun, and the court is equally qualified to judge of its character in this respect. It is true that either of these instruments might have been so constructed as to shape, size and material, as not to be a deadly weapon, but the language of an indictment ought not to be tortured into an unnatural meaning even in favor of the accused. Nothing, it is true, should be left to inference, but words should receive their ordinary interpretation; and where a

distinct and unequivocal meaning is thus conveyed, further precision is not necessary. Such we think is the case in the present instance.

This perhaps may be thought a deviation from the ordinary current of judicial argument, but if it be so we think it a deviation on the side of reason. Courts should accommodate their decisions, as far as is compatible with justice, to the common sense of mankind, if they would secure for the law its ablest guardian—public respect. There is some reason to apprehend that criminal justice has been already in some instances so disguised by technical refinements and subtleties, as to become a subject of ridicule to men whose minds are unbiased by their peculiar education or interests. This feeling ought not to be increased by increasing the cause, but on the contrary where the current of authority is not too strong, we should seize all occasions to bring back the rules of decision to such a standard as the common reason of mankind may sanction and approve.

In the present case, the plaintiff in error is charged with hurling an axe at one Jasper Koons, with the intent to inflict upon him a bodily injury. Every person—the court, the jury and the prisoner is sufficiently informed of the nature of the offence charged. There is no danger of surprise or misapprehension. Nothing further seems to us necessary.

The judgment below is therefore affirmed.